FILED-ED4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

02 APR 30 PM 12: 23

CLERK
U.S. DISTRICT COURT

THURMAN PAUL as the )
Administrator of the Estate of )
CEDRIC A. PAUL, deceased and )
DONTE GARDNER, individually )
        Plaintiff(s), )
)
vs. )
)
CITY OF EVANSTON OFFICERS )
LARRY DAVIS, MARK DOBROWOLSKI )
EDWARDS BIONI, DENNIS LEAKS )
AND THE CITY OF EVANSTON, )
        Defendant(s). )

**02C 3055**

Judge: JUDGE JOHN W DARRAH

MAGISTRATE JUDGE LEVIN

**JURY DEMANDED**

DOCKETED
APR 30 2002

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

### PARTIES

2. Plaintiff Thurman Paul sues as the Administrator of the Estate of Cedric Paul. Plaintiff Donte Gardner sues on his own behalf. Thurman Paul is the natural brother of Cedric Paul. Donte Gardner is the natural son of Cedric Paul.

3. Cedric Paul was, at the time of his death, a 37 year old African American man, a citizen of the United States and a resident of the City of Evanston.

4. Police Officers Larry Davis #124, Mark. Dobrowolski #128, Edward Bioni #256, and Dennis Leaks #224, were employed by the City of Evanston. All defendants were at all times relevant to this Complaint, acting within the scope of their employment and under color of law. All defendants are being sued individually.

5. Defendant City of Evanston is a municipal corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of Defendants Officers Larry. Davis, Mark Dobrowoski, Edward Bioni, and Dennis Leaks.

## FACTS

6. Cedric Paul resided at the mental health care facility, Albany Care Center (hereinafter) "Albany", in Evanston, Illinois.

7. Albany maintained, during all times relevant to this action, a policy, reffered to as "code yellow" "to provide a safe and therapeutic environment." According to this policy, Albany employees or agents were instructed to use non-physical interventions to redirect a resident experiencing agitation and aggressive behavior. Albany's policy further instructs that physical interventions may only be implemented if all non-physical interventions have failed and the risk of danger to resident or others is great.

8. On July 13, 2000, Mr. Paul sought assistance regarding a radio dispute from Albany employees including, Karen Madda, Louise Hull, Willie Canga, Ridgley Coghlan, and other Albany employees, but no assistance was provided.

9. Instead of providing assistance to Paul, at approximately 4:10-4:15p.m., a "code yellow" was called summoning Albany employees to the seventh floor to calm Paul.

10. At approximately 4:30p.m., Albany employees administered a shot of Ativan to calm Mr. Paul. Shortly after receiving the Ativan, Paul did calm down and complied with directions by Albany employees, to sit in the day room.

11. Although Paul had been calm and no longer agitated for over two-hours, Albany employees Tossi directed Coghlan, Thilges, Hill, Labahn, Madda, Conga and Schnelle Albany employees, alone with COMED agents, Rodriquez and Pedroza, and Evanston police officers Davis, Dobrowolski, Biondi and Leaks, converged on the Seventh floor and advised Paul that they were committing him to the hospital.

12. When the paramedics and police arrived at approximately 6:40 p.m., Paul was sitting quietly in the day room until approached about being committed at which time he again explained his radio situation. Officers Larry Davis, M.ark Dobrolski, Edward Biondi, and Dennis Leaks, Paramedics James A. Rodriquez and Brian Y. Pedroza and Albany staff employees Hull, Tossi, Madda, Labahn, Coghlan, Schnelle, Canga and Thilges, all of whom blatantly disregarded the fact that Paul had been calm for over two-hours, encouraged police and paramedics to wrestle Mr. Paul to the ground.

13. Mr. Paul was then placed in a choke hold by Defendant Officer Larry Davis with help from Defendant Officers Mark Dobrolski, Edward Biondi, Dennis Leaks and paramedics James A. Rodriguez and Brian Y. Pedroz.

14. As a result, Mr. Paul's wind pipe was broken. He was subsequently transported to Saint Francis Hospital where he was pronounced dead at 7:20 p.m.

## COUNT I
## (42 U.S.C. sec. 1983 Excessive Force)

1-14    Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

15.    The unjustified excessive force used by Evanston Police Officers Larry Davis, Mark Dobrolski, Edwards Biondi, and Dennis Leaks was the direct and proximate cause of Plaintiff's death. These acts by all of the Evanston Police Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures; and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands $1,000,000 in compensatory damages against these Defendants because these Defendants acted maliciously, willfully and/or wantonly, $50,000 in punitive damages against Defendants, plus costs, attorneys' fee, and such other additional relief as this Court deems equitable and just.

## COUNT II
## (42 U.S.C. Section 1983 Conspiracy)

1-14.    Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

15.    Dianne Renee Labahn summoned employees Louise Hull, Ridgely. Coghlan, Jolynn Thilges, Karren Madda, Willie Canga, Denise Schnelle and contacted Administrator Dennis Tossi to determine how to handle the situation. Although Paul had been calm for over two-hours, Tossi and the other employees decided to call CoMed to transport Mr. Paul to the hospital. Albany Care Staff also called The Evanston Police to intervene in the matter.

4

16. Defendant Officers Larry. Davis, Mark Dobrowlski, Edward Biondi, Dennis Leaks, Comed Transport employees James A. Rodriquez and Brian Y. Pedroza, and Albany Care employees Dennis Tossi, Louise Hull, Dianne Renee Labahn, Coghlan, Madda, Canga, Schnelle and Jolynn Thilges reached an understanding and agreement that Mr. Paul should be restrained and transported to the hospital.

17. Defendant Officers Larry Davis, M.ark Dobrowlski, Edward Biondi, Dennis Leaks and CoMed Transport employees James A. Rodriquez and Brian Y. Pedroza forced Mr. Paul into a choke hold and crushed his windpipe. The defendants course of conduct, alone with Rodriguez and Pedroza caused Mr. Paul's death.

18. Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Cedric Paul of his rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

19. Additionally, said conspiracy/joint action violated Cedric Paul's Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his death.

20. Acting in furtherance of this plan and conspiracy, all of the Defendants committed overt acts, including, but not limited to the unjustifiable seizure as more fully alleged in paragraphs 1-14. This course of conduct by the Defendants was done

willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused the death of Cedric Paul.

WHEREFORE, the Plaintiff demands $1,000,000 in compensatory damages against all Defendants Larry Davis, Edward Biondi, Dennis Leaks and Mark Debrowski and because all Defendants acted maliciously, willfully and/or wantonly, $35,000 in punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

### COUNT III
### (42 U.S.C.1983 - Donte Gardner's Loss of Society)

1-14. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

15. The acts of defendants Larry Davis, Edward Bioni, Dennis Leaks and Mark Debrowski as alleged above, and the resultant death of his father, Cedric Paul, violated and deprived the Fourteenth Amendment right and liberty interest of Donte Gardner in the continued society and companionship of his father.

16. Defendants' acts were the direct and proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, the Plaintiff, seeks $1,000,000 in compensatory damages against Defendants Larry Davis, Edward Bioni, Dennis Leaks and Mark Debrowski to be compensated for injuries caused by their intentions willful, wantonly, and unconstitutional acts; $50,000 in punitive damages against each Defendant; attorney's fees and costs; and any additional relief this Court deems just and equitable.

### COUNT IV
### (Wrongful Death Claim Under Illinois Law Against Defendants Larry Davis, Edward Bioni, Dennis Leaks and Mark Debrowolski)

6

1-14   Plaintiffs allege and reallege paragraphs 1 through 14 as though fully set forth herein.

15.    Decedent was and is survived by one Adult son.

16.    Decedent Cedric Paul was officially pronounced dead on July 13, 2000 at Saint Francis Hospital in Evanston, Illinois.

17.    Donte Gardner, beneficiary and next of kin of Cedric Paul, exercised due care at all times material to this complaint.

18.    The wrongful death due to the negligent and or willful and wanton misconduct of the Defendants, proximately caused the injury and death of Decedent Cedric Paul, in violation of Ill. Rev. Stat. Ch.70, Sec. 1,2.

19.    Each and every next of kin, as named in or referred to in paragraph 19 has lost and will continue to lose pecuniary support as a proximate result of the wrongful death of Cedric Paul.

WHEREFORE, Plaintiff Thurman Paul, on behalf of the estate of Cedric Paul, demands compensatory damages in excess of $50,000 against the defendants, the costs of this action, and such other relief as this court deems just and equitable.

## COUNT VII

### (State Claim for Respondeat Superior)

1-14. Plaintiff realleges paragraph 1 through 14 as though fully set forth herein.

15.    The City of Evanston, was at all times relevant to the Plaintiff's claim, the employer of officers, Larry Davis, Mark Dobrowlski, Edward Biondi, and Dennis Leaks who were acting within the scope of their employment as Evanston Police Officers when they used excessive force against the Plaintiff.

16.    The Defendant City of Evanston as principal is liable for the willful and wanton actions of its agents under the doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff demands in excess of $100,000 in actual and compensatory damages against the defendant City of Evanston, the costs of this action, and such other relief as this Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated: Respectfully Submitted.

*Standish Willis*
Standish E. Willis
Attorney for Plaintiff

Law Office of Standish E. Willis
407 S. Dearborn Street-Suite 1395
Chicago, Illinois 60605
312-554-0005

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
THURMAN PAUL et.al

**DEFENDANTS**
Evanston Police officers et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___cook___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___cook___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DOCKETED APR 30 2002

02C 3055

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Office of Standish E. Willis
407 S. Dearborn #1395
Chicago, IL 60605
312-554-0005

ATTORNEYS (IF KNOWN)

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE LEVIN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1983 Civil Rights Cause of Action

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4-30-02
SIGNATURE OF ATTORNEY OF RECORD /s/ Standish E. Willis

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of Thurman Paul et al.,

Complainant,

And

The Evanston Police officers et al.,

Case Number: **02C 3055**

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Standish E. Willis (on behalf of Thurman Paul et al.,

| (A) | (B) |
|---|---|
| SIGNATURE *Standish E. Willis* | SIGNATURE |
| NAME Standish E. Willis | NAME |
| FIRM The Law Office Of Standish E. Willis | FIRM |
| STREET ADDRESS 407 South Dearborn Street | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Illinois 60605 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312)554-0005  FAX NUMBER 554-1012 | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS swillis818@aol.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER #53066 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

DOCKETED APR 30 2002

FILED 02 APR 30 PM 12: 23 U.S. DISTRICT COURT CLERK